Teresa C. Chow (SBN 237694)
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4301
Telephone: 310.820.8800
Facsimile: 310.820.8859
Email: *tchow@bakerlaw.com*

*Attorney for Defendant*
MAYO CLINIC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.S., individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MAYO CLINIC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>[Alameda Superior Court Case No. 25CV138118]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Complaint Filed: 08/20/2025<br>Complaint Served: 08/27/2025 |

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Mayo Clinic ("Defendant"), by and through its undersigned counsel, hereby provides notice of removal of the above-captioned action from the Superior Court of California, County of Alameda, to the United States District for the Northern District of California. In support of this Notice of Removal to Federal Court ("Notice of Removal"), Defendant states as follows:

**JURISDICTION**

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446 because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified, in part, at 28 U.S.C. § 1332(d).

**VENUE**

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Specifically, the United States District Court for the Northern District of California embraces Alameda County. 28 U.S.C. § 84(a); N.D. Cal. L.R. 3-2(d). Thus, this Court is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

**THE ACTION AND TIMELINESS OF REMOVAL**

3. On August 20, 2025, Plaintiff S.S. ("Plaintiff") filed a putative class action complaint ("Complaint") against Defendant and Doe defendants 1 – 100 in the Superior Court of California, County of Alameda, Unlimited Civil, captioned *S.S. v. Mayo Clinic, et al.*, Case No. 25CV138118 (the "State Court Action").

4. Plaintiff's Complaint asserts causes of action for (1) violation of the Confidentiality of Medical Information Act ("CMIA") (Cal. Civ. Code §§ 56.06, 56.101, 56.10, 56.36), (2) aiding and abetting unlawful interception under the California Invasion of Privacy Act ("CIPA") (Cal. Penal Code § 631), (3) unlawful recording of and eavesdropping upon confidential communications under CIPA (Cal. Penal Code § 632), and (4) violation of Art. I, § 1 of the California Constitution, against Defendant in connection with its alleged unauthorized disclosure of Plaintiff's and putative class members' personal health information ("PHI") and/or personal identifying information ("PII") to third parties, which was discovered in or around September 2024. (Compl., ¶¶ 5, 6, 12, 36, 37, 67, 69.)

5. Plaintiff purported to bring the State Court Action and the above-referenced claims on behalf of herself and a putative class defined in pertinent part as "[a]ll California residents who, while located within California at any time during the applicable limitations period . . . visited and used [Defendant's] website and whose medical information and/or other personal data was intercepted by, and/or or disclosed to, third-party tracking technology embedded in the Mayo Clinic website." (Compl. ¶ 123.)

6. On August 27, 2025, Plaintiff served Defendant with a copy of the Summons and Complaint in the State Court Action.

7. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date Defendant was served with a copy of the Summons and Complaint in the State Court Action.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A**. True and correct copies of all other process, pleadings, and orders that have been served on or by Defendant in the State Court Action are collectively attached hereto as **Exhibit B**.

**CAFA JURISDICTION**

9. This Court has original jurisdiction of this action under CAFA. 28 U.S.C. § 1332(d)(2) and (5) provide that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. Section 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.[1] *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("CAFA's provisions should be read broadly.") (citation and quotations omitted).

10. As set forth below, pursuant to 28 U.S.C. §§ 1332(d) and 1441(a), Defendant may remove the State Court Action to federal court under CAFA because: (i) this action is pled as a class action and involves more than one hundred (100) putative class members; (ii) Plaintiff is a citizen of a state different from the state of which Defendant is a citizen; and (iii) the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs.

***Putative Class Size Is Sufficient***

11. Plaintiff seeks to represent a putative class defined as follows: "All California residents who, while located within California at any time during the applicable limitations period preceding the filing of the Complaint in this matter and through and including May 31, 2025,

[1] By removing the State Court Action to this Court pursuant to 28 U.S.C. § 1332(d), Defendant does not waive any rights or defenses, including, but not limited to, any argument that this matter is improper for class certification and may be compelled to arbitration under any applicable arbitration provision.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

visited and used the Mayo Clinic website and whose medical information and/or other personal data was intercepted by, and/or or disclosed to, third-party tracking technology embedded in the Mayo Clinic website." ("Putative Class"). (Compl. ¶ 123.)

12. Plaintiff alleges that the Putative Class numbers in the "thousands of individuals." (Compl. ¶ 126.) Because the lowest number in the "thousands" is 2,000, the Putative Class size is at least 2,000 individuals.[2]

13. Accordingly, the Putative Class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

***Minimal Diversity of Citizenship Exists***

14. Plaintiff S.S.'s Citizenship. As alleged in the Complaint, Plaintiff S.S. is "a citizen and resident of California." (Compl. ¶ 9.) Defendant is informed and believes that Plaintiff was, at the time of the filing of the State Court Action, and still is, a citizen of the State of California. For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where they reside with the intention to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15. Putative Class Members' Citizenship. Plaintiff's proposed class definition does not state the citizenship of Putative Class members, but instead defines them, in pertinent part, as "[a]ll California residents." (Compl. ¶ 123.) Moreover, the time period for California residency in the proposed class definition is from some unspecified time in the past "through and including May 31, 2025." For diversity purposes, citizenship is determined at the time of the filing of this Notice of Removal. As a result, the proposed class includes citizens of both California and of other states.

16. For purposes of this Notice of Removal, the citizenship of Putative Class members is immaterial because, as set forth in Paragraphs 15, 16, and 18 herein, minimal diversity under CAFA is satisfied by virtue of Plaintiff's and Defendant's diverse citizenship.

17. Defendant's Citizenship. Defendant is a Minnesota not-for-profit 501(c)(3) corporation whose principal place of business is Rochester, Minnesota. (Compl. ¶ 15.) Pursuant



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

18. At the time the State Court Action was commenced, Defendant was, and as of the date of the filing of this Notice of Removal, still is, a nonprofit corporation formed in and incorporated under the laws of the State of Minnesota. Pursuant to the *Hertz* nerve center test, Defendant's corporate activities are predominantly directed, controlled, and coordinated from its corporate headquarters in the State of Minnesota.

19. <u>Minimal Diversity Exists</u>. Defendant satisfies the minimal diversity of citizenship required by CAFA because Plaintiff is a citizen of the State of California, whereas Defendant is a citizen of the State of Minnesota. *See* 28 U.S.C. § 1332(d)(2)(A). The Putative Class members' citizenship, as well as the citizenship of the Doe defendants, is immaterial for purposes of establishing minimal diversity since Plaintiff is diverse from Defendant. *See id.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### ***<u>Amount in Controversy Is Met</u>***

20. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. 28 U.S.C. § 1332(d)(2); *see also Cohn v. PetSmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

21. On behalf of herself and the Putative Class, Plaintiff seeks statutory and compensatory damages, and reasonable attorneys' fees and costs. (*See* Compl. at pp. 46-47 (Prayer for Relief).)

22. Without conceding that Plaintiff or the Putative Class members are entitled to or could recover damages in the amount or manner alleged (including but not limited to their separate

CIPA claims), or at all, the amount in controversy in this putative class action conservatively exceeds $5,000,000, exclusive of interest and costs.[3]

23. CIPA I Claim. In her first CIPA cause of action, Plaintiff alleges Defendant violated CIPA by "allowing the Trackers to have direct access to, intercept, read, analyze, and use Mayo Clinic website users' private and confidential communications without those users' consent or authorization," thereby aiding and abetting "the third-party Trackers' unlawful conduct." (Compl. ¶¶ 158-59.) Plaintiff further alleges that, because of Defendant's purported conduct, Plaintiff and the Putative Class members are entitled, in part, to statutory damages under California Penal Code § 637.2. (*Id.* ¶ 160.)

24. California Penal Code § 637.2 provides for the greater of statutory damages of $5,000 per violation, or three times the amount of actual damages sustained.

25. Accordingly, multiplying $5,000 by violations alleged by at least 2,000 Putative Class members ($5,000* 2,000 = $10,000,000) exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

26. CIPA II Claim. Plaintiff's second CIPA claim alleges Defendant violated CIPA by "contemporaneously redirecting and transmitting Plaintiff's and Class members' confidential communications through the Trackers' website tracking technology," which permitted the Trackers "to eavesdrop upon and/or record Mayo Clinic's website users' confidential communications through an electronic amplifying or recording device." (Compl. ¶ 168.) Plaintiff further alleges that because of Defendant's purported conduct, Plaintiff and the Putative Class members are entitled, in part, to statutory damages under California Penal Code § 637.2. (*Id.*, ¶ 171.)

27. California Penal Code § 637.2 provides for the greater of statutory damages of $5,000 per violation, or three times the amount of actual damages sustained.

28. Accordingly, multiplying $5,000 by violations alleged by at least 2,000 Putative

---

[3] This Notice of Removal does not concede and should not be construed as evidence that Defendant violated the legal rights of Plaintiff or any members of Plaintiff's Putative Class. The argument and the calculations of potential damages presented here are based on the allegations in the Complaint and solely for purposes of this Notice of Removal.

Class members ($5,000*2,000 = $10,000,000) for the CIPA claims exceeds the amount in controversy requirement of $5,000,000 pursuant to 28 U.S.C. § 1332(d)(2).

29. CMIA Claim. Plaintiff also alleges Defendant violated the CMIA by (1) "failing to maintain the confidentiality of users' private and personal medical information;" (2) "failing to maintain, preserve, and store medical information in a manner that preserves the confidentiality of the information;" and (3) disclosing "medical information to undisclosed third-party Trackers (and possibly others) without first obtaining" authorization to do so. (Compl. ¶¶ 142-144.) Plaintiff further alleges that because of Defendant's purported conduct, Plaintiff and the Putative Class members are entitled, in part, to statutory damages under California Civil Code section 56.36(b) for each alleged violation. (*Id.* ¶ 145.)

30. California Civil Code § 56.36(b)(1) provides for statutory damages of $1,000 for each violation. Accordingly, multiplying $1,000 by the alleged violations of the CMIA for at least 2,000 class members ($1,000*2,000 = $2,000,000).

31. Thus, the potential statutory damages amount for the CMIA and CIPA claims is at least $22,000,000.

32. Attorneys' Fees. When the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in its calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Plaintiff has sought attorneys' fees for purportedly enforcing an important right affecting the public interest, based on California Code of Civil Procedure § 1021.5 and California Code of Regulations Title 11, § 3201. (Compl. at p. 47.) Because Defendant has established that the $5,000,000 CAFA threshold is met, it does not assign in this Notice of Removal any amount to Plaintiff's request for attorneys' fees. Should there be any doubt as to whether Defendant has demonstrated that the amount in controversy under the CMIA and CIPA claims examined above exceeds $5,000,000, however, Plaintiff's request for attorneys' fees should be included in analyzing the amount in controversy.

///

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**DISCLOSURE STATEMENTS**

33. Pursuant to Federal Rule of Civil Procedure 7.1 and Northern District of California Civil Local Rule 3-15, a Disclosure Statement, which will include a Disclosure of Conflicts and Interested Entities or Persons, is being filed concurrently with this Notice of Removal.

**NOTICE**

34. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of Alameda.

WHEREFORE, Defendant hereby removes the State Court Action to this Court on the bases identified above.

Respectfully submitted,

Dated: September 26, 2025

**BAKER & HOSTETLER LLP**

By: */s/ Teresa C. Chow*
Teresa C. Chow

*Attorney for Defendant*
MAYO CLINIC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**CERTIFICATE OF SERVICE**

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067. On September 26, 2025, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth in the attached Service List.

☑ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth in the attached Service List on this date and the transmission was reported as complete and without error.

**SEE ATTACHED SERVICE LIST.**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 26, 2025, at Los Angeles, California.

*/s/ Jasmine Saucedo*
Jasmine Saucedo

**SERVICE LIST**

Eric A. Grover
Rachael G. Jung
Keller Grover LLP
1965 Market Street
San Francisco, CA 94103
Telephone: 415.543.1305
Facscimile: 415.543.7861
Emails: eric.grover@kellergrover.com
rachael.jung@kellergrover.com

Scot Bernstein
Law Offices of Scot D. Bernstein, A Professional Corporation
101 Parkshore Drive, Suite 100
Folsom, CA 95630
Telephone: 916.447.0100
Facscimile: 916.933.5533
Emails: swampadero@sbernsteinlaw.com

*Attorneys for Plaintiff*
S.S., individually and on behalf of all others similarly situated

Don Bivens
Don Bivens, PLLC
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone: 602.708.1450
Emails: don@donbivens.com

Baker & Hostetler LLP
Attorneys at Law
Los Angeles